CASE, Appellant, vs. FREDRICKSON and others, Interveners, Respondents.

*December 3, 1884—January 13, 1885.*

*Receiver: Settlement of manufacturing business: Preferences: Claims of employees for wages.*

It having been held that the property and funds in the hands of the receiver of a manufacturing business must be first applied, after the payment of costs, etc., to the payment of the debts fairly incurred in carrying on the business, including, presumably, the claims of employees for their wages, and it appearing probable that the property will be sufficient to pay all claims of that class, an order of the circuit court directing payment of such employees in preference to all other creditors, made upon the theory that unless ordered to be so paid their claims would be deferred to claims of another class and their payment thereby rendered uncertain, is reversed. [Whether the circuit court would have power, in a case where the property is admitted to be ample to pay all the debts of a certain class, chargeable thereto, to direct the payment of a part of such debts in preference to the others, is not determined.]

APPEAL from the Circuit Court for *Racine* County.

The facts sufficiently appear from the opinion.

For the appellant there was a brief by *C. H. Lee*, attorney, and *Wm. F. Vilas* and *Jas. G. Jenkins*, of counsel, and the cause was argued orally by *Mr. Jenkins* and *Mr. Vilas*.

*J. V. Quarles*, for the respondents, cited *Fosdick v. Schall*, 99 U. S. 235; *Ellis v. B., H. & E. R. Co.* 107 Mass. 10; *Brown v. N. Y. & E. R. Co.* 19 How. Pr. 84; *Turner v. P. & S. R. Co.* 95 Ill. 139; *Miltenberger v. Logansport R. Co.* 106 U. S. 286, 308; *Union Trust Co. v. Souther*, 107 id. 591; *Union Trust Co. v. Walker*, id. 596; *Dow v. M. & L. R. Co.* 20 Fed. Rep. 260; *Taylor v. P. & R. R. Co.* 7 id. 379; *Swann v. Wright's Ex'r*, 110 U. S. 590; *Turner v. I. B. & W. R. Co.* 8 Biss. 317; *Farmers' L. & T. Co. v. M., I. & N. R. Co.* 21 Fed. Rep. 266.

TAYLOR, J. This is an appeal from an order of the circuit court made in the case of *Case v. Fish et al.*, made upon the motion of a large number of the laborers who had been employed by the said Fish and others in the business of manufacturing wagons in Racine, which business this court, in its former opinion in the case of *Case v. Fish*, 58 Wis. 56, and in the opinion filed at this term in the same case [*ante*, p. 475], is held to be in fact the business of *Case* and not of Fish *et al.* The order directs the receiver of the property belonging to said business to pay to the interveners in preference to all other creditors, and at once, out of the proceeds of the property and funds in his hands, certain specified sums for labor which had been performed by them in such business, and which remained unpaid by Fish *et al.* at the time of the appointment of the receiver.

In the decision now filed in the principal action between *Case* and Fish *et al.* this court has determined that the property and funds in the hands of the receiver must be first applied, after the payment of certain costs and expenses, to the satisfaction of all the debts fairly contracted by said Fish *et al.* in carrying on said business, and it must be presumed the claims of the interveners are included among those which are so made a charge upon said property and funds. It also appears that it is highly probable that the property and funds so held by the receiver will be sufficient to pay all such claims. In this state of affairs we are not disposed to make the claims of the interveners an exception to the rule, so as to give them a preference over all other claims. Whether, under any circumstances, the court would have the lawful authority to direct the payment of claims of this kind out of the proceeds of property and business in its hands, which was, in fact, owned by one party to the action, and where such an indebtedness had been incurred by another party, under such a state of things as would not authorize a court of equity to charge such property and

business with all debts fairly contracted by such other party in producing such property and carrying on such business, we decline to decide in this case. In this case all the debts contracted by Fish and others, of the class mentioned in the petition of the interveners, as well as all other debts fairly contracted in carrying on the business, are made a charge against all the property and funds in the hands of the receiver, and all stand upon the same footing in equity. Under such circumstances we are not aware of any decisions which hold that one creditor should be preferred to another. As the order of the circuit judge was made on the theory that the payment of those claims must be deferred to the payment of the claim of the plaintiff for the amount of his advances made in the business, unless he directed them to be paid by his special order, upon which theory their payment at all would be rendered uncertain, and in any event would be necessarily delayed for a considerable length of time, we think the order must be reversed. Whether the circuit court would have the power, in a case where the funds in the hands of the receiver were admitted to be ample to pay all the debts of a class, chargeable to the same, to direct the payment of a part of such debts in preference to the others, need not be determined, as it is clear that the order was not made by the circuit court in the exercise of any such power.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings.

LYON, J., took no part.