EQUITABLE TRUST CO. OF NEW YORK v. BIRMINGHAM, E. & B. R. CO.

(District Court, N. D. Alabama, S. D.   January 11, 1917.)

No. 257.

CORPORATIONS ⊚⟶566(3) — RECEIVERS — CLAIMS  AGAINST — PREFERENCES — SURETY.

The surety on a supersedeas bond of an insolvent corporation is not entitled to a preference, as against the bondholders, to the income or corpus of the property in the hands of receivers on the theory that the supersedeas bond by postponing the receivership benefited the bondholders, in the absence of a showing that the bondholders or their trustee procured the execution of the bond by the surety or acquiesced therein, with knowledge that the corporation was insolvent, or that the money realized by the bond could be traced into the possession of the receivers and so shown to have benefited the bondholders.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2284; Dec. Dig. ⊚⟶566(3).]

In Equity.  Suit by the Equitable Trust Company of New York against the Birmingham, Ensley & Bessemer Railroad Company. On intervention by the United States Fidelity & Guaranty Company. Intervention dismissed.

Coleman & Coleman, of Birmingham, Ala., for intervener.

Forney Johnston, of Birmingham, Ala., for complainant and receiver.

GRUBB, District Judge.  The intervention presents the right of one, who becomes surety on the supersedeas bond of an insolvent corporation, resulting in the postponement of a seizure of its property under execution, to a preference in the distribution of the income of the receiver of the corporation or in the corpus, if the receiver's income has been diverted.

The right of labor and supply creditors, who furnished labor or material within six months, to such a preference, is well settled in the federal courts.

The intervener claims in analogy to that rule, upon the idea that its act was of benefit to the mortgage bondholders by postponing the receivership.  If it were shown that the bondholders or their trustee procured the intervener to execute the bond or acquiesced in its act, with knowledge that the mortgagor was insolvent, and that the intervener therefore looked beyond the credit of the mortgagor to the mortgaged property, the equity claimed might be sustained.  Union Trust Co. v. Morrison, 125 U. S. 591, 8 Sup. Ct. 1004, 31 L. Ed. 825; Jones v. Central Trust Co., 73 Fed. 568, 19 C. C. A. 569.  Or if the money or property, released by the giving of the bond, could be traced into the possession of the receiver, and so shown to benefit the bondholders, as in the case of Love v. North American Co., 229 Fed. 103, 143 C. C. A. 379.  But where no such special facts appear, and the claim depends upon the sole equity that the act of the sure-

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ty, unknown to and unauthorized by the bondholders or their trustee, has served to postpone insolvency and a receivership, and to prolong the existence of the mortgagor as a going concern, I do not think the preference should be sustained. It does not lie in the power of the mortgagor and its surety, by an agreement between themselves, to which the bondholders were not parties or consenting, to convert an unpreferred claim against the mortgagor's assets into one prior to that of the mortgagee. The mortgagee might well prefer an earlier receivership to such a preference, depending upon the amount of the claim preferred. The prior lien of the mortgage should not be displaced without the mortgagee's consent or acquiescence by action of the mortgagor and its surety. When, as in this case, the surety bonds were executed while the principal was apparently solvent and was not in default under the mortgage, the natural presumption would be that the surety company looked to the personal credit of the mortgagor for indemnity, and the mortgagee could well indulge in that presumption, if it knew of the transaction. The authorities are in conflict, but this seems to me the better rule. Whiteley v. Central Trust Co., 76 Fed. 74, 22 C. C. A. 67, 34 L. R. A. 303; United States Fidelity & Guaranty Co. v. United States & Mexican Trust Co., 234 Fed. 238, —— C. C. A. ——.

For these reasons, the intervention will be dismissed at intervener's costs, and it is so ordered.