NELSON CLOUGH, WILLIAM J. SELWAY, FRANCIS W. WALLS, WILLIAM A. CLOUSER, ANNIAS TRESSLE, HERBERT I. HAINES, M. RUSSELL KRAUSE, HORACE N. STOOPS, EARL DIFFENDERFER, HAINES FAULKNER, LEWIS R. MC-GOVERN, JOHN DEAKYNE, JAMES MULDOWNEY and CLYDE M. ECKMAN,

vs.

SUPERIOR EQUIPMENT CORPORATION, a corporation existing under the laws of the State of Delaware.

*New Castle, Nov. 4, 1931.*

*William Prickett,* for the receiver.

*Leonard E. Wales, Leonard G. Hagner, Edmund S. Hellings, George N. Davis,* and *Alexander Jamison,* for sundry execution creditors.

*Harry Rubenstein,* for mechanic's lien creditor.

*Leonard E. Wales,* U. S. District Attorney, for the United States.

*Dudley C. Lunt,* for certain wage claimants.

THE CHANCELLOR: The various claims are filed against a fund which consists entirely of proceeds derived from the sale by the receiver of personal property.

1. The question presented by the exceptions to the claims for wages was presented to this court and passed upon at another stage of this cause. The opinion then filed sufficiently disposes of the exceptions. See *ante p.* 65, 156 *A.* 249.

2. The exceptions to the claims founded on a judgment obtained upon a *sci. fa. sur* mechanic's lien, should be sustained. A mechanic's lien judgment constitutes no lien upon personal property. It is a lien given by the statute only upon the building, etc., upon which the work and labor were done or for which the materials were supplied. *Revised Code* 1915, § 2843.

3. Numerous claims have been filed, to all of which the receiver excepts, upon a ground common to them all. The claims are based on judgments obtained before a justice of the peace, upon which executions were issued and levies made upon personal property. The fund in hand is derived from a receivership sale of the personal property so levied upon. The receiver excepts, not only to the priority claimed by virtue of the levies; he goes behind the writs of execution and attacks the validity of the judgments.

The exception to them is that they were obtained upon service of process which was not had in conformity with the statute of the State governing the service of process upon corporations.

When a judgment rendered by a justice of the peace is invalid for error apparent on the face of the record, the law furnishes a remedy by way of a writ of *certiorari* issuable out of the Superior Court. The receiver has never

sued out writs of *certiorari* against the judgments in question. In order to save the expense which numerous writs of *certiorari* would entail, all the parties in interest have stipulated that the Chancellor might decide the question raised by the exceptions to the various judgments as if such exceptions had been taken by way of *certiorari* issued by the proper court and the records of the judgments were before that court. In view of this stipulation I shall accordingly proceed to consider the question presented and answer it as I conceive the Superior Court would do were the matter pending before it on *certiorari*.

The question is whether or not the corporation defendant in the judgments, the insolvent defendant in this cause, was served with process in accordance with the statute in that behalf made and provided.

The corporation was created under the *General Corporation Law*. That law, as amended, provides for the manner of service of process upon corporations created under it, as follows:

"*Section* 48. SERVICE OF LEGAL PROCESS ON CORPORATIONS:— Service of legal process upon any corporation created under this Chapter shall be made by delivering a copy thereof personally to the President of such corporation, or by leaving the same at his dwelling house or usual place of abode. If the President resides out of the State, service thereof may be made by delivering a copy thereof to the secretary or one of the directors of said corporation, or upon the resident agent in charge of the principal office of the company in this State, or by leaving the same at the dwelling house or usual place of abode of such secretary, director or resident agent (if such resident agent be an individual), or at the principal office or place of business of the corporation in this State. If such resident agent be a corporation, service of process upon it as such agent may be made by serving a copy thereof on the president or secretary or any director of said corporate resident agent. Service by copy left at the dwelling house or usual place of abode or at the principal office or place of business in this State, to be effective, must be delivered thereat at least six days before the return of the process, and in the presence of an adult person, and the officer serving the process shall distinctly state the manner of service in his return thereto; provided, that process returnable forthwith must be served personally. * * *"

There is another statutory provision dealing with service of process upon corporations. This provision appeared in the *Code* of 1852 and is now found in the *Code* of 1915 under *Section* 4098. It is as follows:

"Suits may be brought against any corporation, at law by summons, and by subpoena in Chancery. Process may be served on the president or head officer, if residing in the State, and if not, on any officer, director, or manager of the corporation. * * * *"

The difference between *Section* 48 of the *General Corporation Act* and *Section* 4098 of the present *code* is apparent.

The solicitors for the claimants contend that the service shown by the constable's returns is sufficient to satisfy the provisions of *Section* 4098 of the *Code*, and that therefore it matters not whether the service of process complied with the provisions of *Section* 48 of the *General Corporation Act.*

This contention, however, is not tenable. The defendant corporation was created under the *General Corporation Law*, and with respect to such corporations *Section* 48 of that law provides that service of process "shall be" in one of the modes therein specified. *Judge Woolley* in *Volume* 1 of his work on *Delaware Practice*, at *Section* 191, states that there is no doubt that with respect to corporations created under the general act, "the method of service is such and is only such as is stated in the foregoing provision (meaning the present numbered *Section* 48, quoted above in its amended form), and any return upon a writ which shows that the service was not in strict conformity with one of the several provisions of this section, will on motion, be vacated and set aside."

The question of the sufficiency of the service, therefore, is to be answered solely in the light of the provisions of *Section* 48 of the *General Corporation Law*, quoted *supra*.

It should be stated that all of the judgments excepted to, were default judgments rendered without appearance on the part of the corporation at any stage of the cases.

The constable's return in each case was the same. It was, as shown by the transcript of the justice's record:

"Served summons personally on Bernard Kleitz, Director of Superior Equipment Corporation, a Delaware corporation, the President of said corporation residing outside the State of Delaware."

The particular in which the service shown by the return is said to be insufficient is this, that it fails to show that a copy of the process was delivered to the director as required by *Section* 48 of the *General Corporation Law*.

The solicitors for the claimants have offered to prove that as a matter of fact the constable did deliver a copy to Mr. Kleitz. I rejected the offer on the ground that, as the Superior Court on *certiorari* would not allow the record of the return to be supplemented by extraneous evidence, so it would not be permissible for the Chancellor, sitting by virtue of the stipulation in the role of the Superior Court in *certiorari* proceedings, to entertain proof supplementary to the justice's record. Whatever the rule formerly was, for sixty-five years it has been the settled practice of the Superior Court to refuse to hear evidence *aliunde* the face of the justice's record. *Bernhand v. Ennis, et al.*, 33 *Del.* (3 *W. W. Harr.*) 525, 140 *A.* 151. In 1 *Woolley, Delaware Practice*, § 898, it is said:

"Repeated efforts have been made in recent years in *certiorari* cases to introduce evidence *aliunde*, based upon the early decisions, but without success; and it may now be accepted as established practice that the court will not go behind the record for the purpose of establishing jurisdiction or of proving any other fact."

The cases cited by the solicitors for the claimants to the effect that the Superior Court has power, on the application of its own officer, to amend his return to the court's own process, are manifestly beside the point here involved.

I come now to the main question, viz., does the constable's return of "served personally on Bernard Kleitz, Director, etc.," satisfy the requirements of *Section* 48. I am of the opinion that it does not. The section requires

that the service shall be made by delivering to the director, the president residing out of the State, a copy of the process. The constable's return fails to show that such copy was delivered. The evident purpose which a statute intends to accomplish by requiring the delivery of a copy of the process to the person served, is stated in 4 *Thompson on Corporations,* (3d Ed.) § 3116, to be "that the officer or agent may be able to transmit to his corporation accurate information as to the party suing, the court in which the action is pending, the nature of the demand, the amount claimed, the day on which the defendant is required to appear and answer; and the corporation ought not to be left to the hazard involved in the inability of the officer or agent employed in the duties of his position, accurately to remember the contents of such a writ."

In the same paragraph the author states that the officer serving the writ is bound to pursue the particular requirements of the statute and that he is not invested with power to substitute another and different method from that pointed out by the statute. To the same effect are 4 *Fletcher, Cyclopedia of Corporations,* §§ 2977, 2988, 2989, 3017; 1 *Freeman on Judgments,* §§ 339, 340; *Bowers on Process Service,* §§ 255, 311, 418. "The cases are numerous," said Mr. Justice Bradley, in *Amy v. City of Watertown,* 130 *U. S.* 301, 317, 9 *S. Ct.* 530, 536, 32 *L. Ed.* 946, "which decide that where a particular method of serving process is pointed out by statute, that method must be followed, and the rule is especially exacting in reference to corporations."

The cases of *Morrison v. Covington,* 211 *Ala.* 181, 100 *So.* 124, and *Hatch v. Alamance R. Co.,* 183 *N. C.* 617, 112 *S. E.* 529, are particularly in point in the present connection in that they hold that a return of personal service is not sufficient to satisfy a statutory requirement that a copy shall be delivered to the person served.

In two of the cases before the justice of the peace the process was made returnable forthwith. *Section* 48 provides in the last clause of the paragraph above quoted

"that process returnable forthwith must be served personally," and so it is argued that with respect to those two judgments, the return of the constable shows a strict compliance with the statute. This contention, I think, is based on a misconstruction of the meaning of the phrase "must be served personally." Taking the paragraph in its entirety it appears quite clear that there can be no personal service unless a copy of the process is delivered to one of the individuals named in the section. Serving a copy upon such individual seems to constitute an element of personal service as the phrase is used in the statute. There are ways of obtaining service provided by the section which, however, do not involve any contact with an individual. Those ways are, in the event the president of the corporation resides outside of the State, by leaving a copy at the dwelling house or usual place of abode of the secretary, or of a director or of a resident agent (if an individual), or at the corporation's principal office or place of business. When any of these methods of service are resorted to the paragraph provides that at least six days must intervene before the writ is returnable; but if it is desired to secure a return forthwith, then personal service must be had. That is the connection in which personal service is mentioned at the close of the paragraph. It is set off in contradistinction to service by leaving copies at a place in the absence of a person connected with the corporation. The juxtaposition in which the personal service clause is found in the immediate context, when considered in the light of the whole paragraph leads me to the conclusion that "served personally" means served upon one of the persons before specified in the paragraph in the manner before specified, viz., by delivering to such person a copy.

The conclusion is that the judgments were obtained without service of process in the manner provided by law. The exceptions to the claims based on them should therefore be sustained.

4. The last exception to be disposed of is to the claim

of the United States to be paid income tax due it for the year 1929 before any other debts are paid. The amount of the tax as a debt due, is not challenged. The exception is addressed solely to its claim of preference.

The claim for taxes as filed states a right of priority over all other claims, under the provisions of *Section* 64a of the *Bankruptcy Act* [11 *USCA* § 104 (a)], and under *Section* 3466, *Rev. St. U. S.* (31 *USCA* § 191).

*Section* 64a of the *Bankruptcy Act* has no application for the reason that this is not a proceeding in bankruptcy under the Federal Act.

The solicitor for the receiver argues also that the federal tax claim has no right to priority as a lien under 26 *USCA* § 115 because no notice was filed by the collector in accordance with the State statute (35 *Del. Laws, c.* 183) authorizing the filing of such notices. It is unnecessary to examine this contention, for the reason that the claim as filed makes no claim of preference based on that section, nor was any based on it at the argument.

The inquiry then is solely this—is the United States entitled to be paid its tax claim prior to all other creditors because of the provisions of *Section* 3466 of the *Revised Statutes* (31 *USCA* § 191)?

I am of the opinion that it is not. The appointment of a receiver in this cause was resisted by the corporation. It never consented to the appointment. There never was, therefore, under the theory indicated in *Bramwell v. United States F. & G. Co.,* 269 *U. S.* 483, 46 *S. Ct.* 176, 70 *L. Ed.* 368; *Price v. U. S.,* 269 *U. S.* 492, 46 *S. Ct.* 180, 70 *L. Ed.* 373; and *U. S. v. Butterworth-Judson Corp.,* 269 *U. S.* 504, 46 *S. Ct.* 179, 70 *L. Ed.* 380, anything like the equivalent of a "voluntary assignment" of all its property so as to bring the case within the scope of *Section* 3466 of the *Revised Statutes*. Neither also was there any attaching by process of law of the estate and effects of an absconding, concealed or absent debtor, nor any act of bankruptcy committed,

so as to bring the case within the scope of said section's concluding language.

The insolvency charged against the defendant corporation was an inability to pay its debts in the due course of business. Insolvency in the bankruptcy sense was not charged. In *U. S. v. Oklahoma,* 261 *U. S.* 253, 43 *S. Ct.* 295, 297, 67 *L. Ed.* 638, the Supreme Court of the United States in referring to the section here involved said:

"Mere inability of the debtor to pay all his debts in ordinary course of business is not insolvency within the meaning of the act. \* \* \*"

But even if insolvency in the bankruptcy sense and therefore within the meaning of the act did in fact exist, yet it does not follow that the federal tax claim would be entitled to preference, because, as was further held in *U. S. v. Oklahoma, supra,* the insolvency "must be manifested in one of the modes pointed out in the latter part of the statute which defines or explains the meaning of insolvency referred to in the earlier part. \* \* \*

"In order to give the priority specified in *section* 3466, there must be a case of an insolvent debtor who makes a voluntary assignment of his property, or a case in which the estate and effects of an absconding, concealed or absent debtor are attached by process of law, or a case in which an act of bankruptcy is committed."

And in *In re Baltimore Pearl Hominy Co.,* (*D. C.*) 294 *F.* 921, 924, reversed on other grounds (*C. C. A.*) 5 *F.* (2*d*) 553, it was likewise observed that among the rules clearly established with respect to *Section* 3466, is this one, viz., that "no evidence can be received of the insolvency of the debtor until he has been divested of his property in one of the modes stated," in the section.

Inasmuch as there was neither a voluntary assignment, nor an attachment of the property of an absconding, concealed or absent debtor, nor the commission of an act of bankruptcy, the exception to the tax claim as a preferred one should be sustained.

Order accordingly.