ALBERT & DAVIDSON PIPE CORPORATION, a corporation, et al., complainants,

*v.*

THE GIBNEY IRON AND STEEL COMPANY, a corporation, defendant.

[Decided April 5th, 1932.]

*Messrs. Smith & Smith,* for the respondent.

*Mr. George M. Shipman, Jr.,* for the petitioner.

BUCHANAN, V. C.

The receiver of the above-named defendant corporation petitions to restrain the respondent Brill from selling an automobile of the defendant corporation.

The facts, as they appear from the affidavits and counter-affidavits and admissions in the briefs, are as follows:

Brill owned a garage having space for the storage of nine automobiles, and rented the several spaces to divers persons, for such purpose. He rented one such space, for $7 a month, to the defendant corporation, which kept its automobile therein. Brill actually or constructively took possession of the automobile and advertised it for sale, through respondent Rehfuss, a constable, and claims the right so to do under the provisions of the Garage Keepers' Lien act, as amended

(*P. L. 1925 p. 96*). $196 was and is due and unpaid for the rent aforesaid.

Assuming that Brill was "engaged in the business" of renting space for the storage of cars; and assuming also that the statute in question confers a lien on the keeper of a private garage as distinguished from a public garage (*i. e.,* one who holds himself out as ready to serve anyone who applies); nevertheless Brill's claim is untenable.

The person to whom a lien is granted by the statute (omitting provisions immaterial to the present issue), is one who is engaged in the business of keeping a place for the storage, maintenance or keeping of a motor vehicle, "*and* [who] in connection therewith stores, maintains or keeps" such motor vehicle for pay.

The distinction is between one who, as bailee for hire, stores or keeps the automobile, and one who, not as bailee of the car, but merely as landlord, rents space to the car owner in which the car owner and not the landlord, stores or keeps the car. The former has a lien under the statute; the latter has not. Brill, in the instant case, comes within the latter category.

Brill further claims that even if he should be deemed not entitled to the lien of a garage keeper, nevertheless he is entitled to an order that the receiver pay him out of the proceeds of sale from the automobile, when sold by the receiver, $96 being one year's rent—under the Landlord and Tenant act. The proofs do not show, however, that he is entitled to this: there is nothing to show what, if any, other preferred claims exist against the assets of the insolvent defendant. Brill is entitled to file, and have allowed, a preferred claim for the $96, but is not entitled to payment of that claim unless and until it appears that the receiver has sufficient moneys to pay it notwithstanding there be other preferred claims entitled to parity with, or priority over, Brill's claim. *Franz Realty Co.* v. *Welsh, 86 N. J. Eq. 228.*