## SOUTHERN RY. CO. v. UNITED STATES FIDELITY & GUARANTY CO.

### No. 8194.

Circuit Court of Appeals, Fifth Circuit.

Dec. 15, 1936.

S. R. Prince, of Washington, D. C., and Harry H. Smith, of Mobile, Ala., for appellant.

Frank E. Spain. and H. H. Grooms, both of Birmingham, Ala., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is an appeal from an order of the District Court directing the receivers of the Mobile & Ohio Railroad Company to pay a creditor, the United States Fidelity & Guaranty Company, $1,000 a month, beginning June 1, 1936, until further ordered. The receivers were appointed in an equity suit by a common creditor in which the insolvency of the defendant railroad was alleged in the bill and admitted in the answer. The order of appointment contained the usual provisions authorizing the discretionary payment of wages and certain other claims incurred by the railroad within six months preceding the date of the order. It also authorized the receivers in their discretion to pay all amounts due upon appeal and other bonds executed by sureties without security for the benefit of the railroad. This order was entered upon bill and answer without objection by the defendant. When the original receiver resigned and the present receivers were appointed, all the powers granted to the original receiver, including the power to pay the surety, were conferred upon the present receivers. Subsequently, after the receivers had entered into a written stipulation for the "orderly liquidation" of the surety's claim, the court entered an order approving the stipulation

and directing its performance in accordance with its true intent and purpose. The appellant was not a party to said stipulation or present in court when said orders were granted.

At the time of the order now appealed from, the Guaranty Company had paid seven judgments, in the aggregate amount of $99,871.82, in all of which supersedeas bonds had been given on appeals from judgments against the railroad company for deaths or personal injuries of its employees. It is undisputed that the surety became subrogated to the rights of creditors whose judgments it paid, and that it is now a creditor of the railroad for the above amount, less $8,000 already paid under stipulation with the receivers and a subsequent order of court, but it is denied that the surety is anything more than a common creditor, and objection is made to any further preferential payments to it.

The receivers, acting within their discretion, having discontinued such payments, the surety company moved the court for an order directing resumption thereof. The Southern Railway Company, appellant, was permitted to intervene and oppose the motion, both as a common and preferred creditor. Being of the opinion that prior orders in the case had determined appellee's class as a creditor, the court limited the hearing to whether there was "in the possession of the receivers money sufficient to pay something on this claim." That was expressly held to be the only question before the court. At the conclusion of the hearing the receivers were directed to resume payments as above stated.

■■ We find nothing in the orders prior to the one appealed from, or in the stipulation of the receivers, to interfere with the consideration of this controversy on the merits. Creditors not parties to the stipulation are not estopped by it. The orders are permissive and interlocutory, and do not bar a contest of the ruling directing continuation of preferential payments. This is not a suit against the receivers on their bonds for the payments already made. If it were, the discretionary orders probably would be a defense, but the sole question here is the correctness of the order of April 25, 1936, directing the resumption of such preferential payments and a continuation thereof until otherwise provided by action of the court.

■ There was nothing in the record to show that the receivers had sufficient funds to pay all creditors; in fact, it very clearly appeared that they had not the money to pay them, or even to pay all preferred creditors. The special master refused to allow appellee's claim as a preferred one, but an issue was not made up and heard on exceptions to the master's report. The matter came before the court on motion for a mandatory order directing the receivers to pay, regardless of all other creditors. The evidence was directed solely to the issue of whether or not they had free cash sufficient to pay this one creditor. In treating the prior orders as having given an incontestable preferred classification to appellee's claim and in limiting the evidence to the sufficiency of funds in possession of the receiver to pay something on this particular claim, we think the court erred.

■■ There is a doctrine which permits preferential payment of a common claim when necessary for the benefit of the estate (Miltenberger v. Logansport R. Co., 106 U.S. 286, 1 S.Ct. 140, 27 L.Ed. 117; Gregg v. Metropolitan Trust Co., 197 U.S. 183, 25 S.Ct. 415, 49 L.Ed. 717; Moore v. Donahoo (C.C.A.) 217 F. 177, 5 A.L.R. 675, certiorari denied 235 U.S. 706, 35 S.Ct. 283, 59 L.Ed. 434); but there is nothing to show that appellee's claim comes within such category, and owing to the limited scope of the hearing below, we do not undertake to decide the question on this record further than to say that the burden of proof is on the creditor seeking priority to show that he is entitled to it, and this burden has not been met.

■■ As the right of appellee to preferential payment will come before the District Court on exceptions now pending to the master's report, we deem it proper to say that in a general equity receivership of an insolvent corporation, such as this, ordinarily there should be a ratable distribution among creditors of whatever sum is available for payment of their class. The proceeding is an equitable levy and execution for the benefit of all creditors, and priorities should be settled in the same manner as if an execution at law had been levied. Thomas v. Cincinnati, N. O. & T. P. R. Co. (C.C.) 91 F. 202; Pennsylvania Co. for Ins., etc., v. Philadelphia Co. (C.C.A.) 266 F. 1; Torrington Co. v. Sidway-Topliff Co. (C.C.A.) 70 F.(2d)

949 (C.C.A.7th); Berthold-Jennings Lumber Co. v. St. Louis, I. M. & S. R. Co., 80 F.(2d) 32, 102 A.L.R. 688 (C.C.A.8th); Case v. Fredrickson (Fish), 63 Wis. 501, 22 N.W. 334; Albert & D. P. Corp. v. Gibney Iron & Steel Corp., 110 N.J.Eq. 285, 159 A. 676; Equitable Trust Co. v. Birmingham, etc., R. Co. (D.C.) 238 F. 655; United States Fidelity & Guaranty Co. v. United States & Mexican Trust Co. (C.C.A.) 234 F. 238, L.R.A.1916F, 1067.

The motion to dismiss the appeal is overruled, the order appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.