## ILLINOIS CENT. R. CO. v. UNITED STATES FIDELITY & GUARANTY CO.

### No. 8217.

Circuit Court of Appeals, Fifth Circuit.

Dec. 15, 1936.

Augustus Benners, of Birmingham, Ala., for appellant.

Frank E. Spain and H. H. Grooms, both of Birmingham, Ala., and Carl Fox, of St. Louis, Mo., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Having been permitted to intervene in this cause, the appellant filed its petition

in the court below, alleging facts which showed it to be both a common and a preferred creditor of the defendant, Mobile & Ohio Railroad Company. It prayed for preferential payment of the items of its account accruing within six months prior to the receivership ratably with other creditors of the same class, and also prayed that no further preferential payments be made to the United States Fidelity & Guaranty Company upon its indebtedness which accrued from judgments paid by the Guaranty Company as surety upon appeal bonds. The court wholly denied the relief prayed for, and this appeal challenges the correctness of that ruling.

The appellee, United States Fidelity & Guaranty Company, has moved to dismiss the appeal on the ground that the order complained of is not a final decision but a discretionary and interlocutory one. No contention is made by appellant that it is an appealable interlocutory order. Therefore, the sole question for our determination is whether it is final and appealable.

■■ There is a contention by the parties as to the proper construction to be given to. the order, but whether it be construed as denying the preferential character of appellant's claim and its right to ratable distribution, or as merely denying the prayer of appellant that payments to the Guaranty Company be stopped, it is in either aspect a final order. In the first, it denies the appellant any relief whatever; in the second, it finally disposes of funds which should ratably be paid to appellant. It is a creditor of the same class as the surety or of a superior class; it was excluded from participation in the monthly payments made, and to be made, to the latter; it was entitled at least to a ratable distribution of all such funds; it has a right to resort to the general assets of the insolvent defendant for payment of its claim; the depletion of the fund from which payments are to be made under the order will impair appellant's rights. It is therefore injuriously and irreparably affected by the order and should be allowed to appeal. To quote from Pennsylvania Co. for Ins. on Lives v. Philadelphia Co. (C.C.A.) 266 F. 1, 4: "As nothing remains to be done, except to pay over the money, it is a final determination of the particular matter, and is, therefore, a final decree and appealable, although the receivership, having to do with innumerable unrelated matters, shall still continue.

Ruggles v. Patton, 143 F. 312, 74 C.C.A. 450; Trustees of Internal Imp. Co. v. Greenough, 105 U.S. 527, 26 L.Ed. 1157."

In Rector v. United States (C.C.A.) 20 F.(2d) 845, at pages 860, 861, it is said: " 'While the general rule requires that a judgment of a federal court shall be final and complete before it may be reviewed on a writ of error or appeal, it is well settled that an adjudication final in its nature as to a matter distinct from the general subject of the litigation and affecting only the parties, to the particular controversy, may be reviewed without awaiting the determination of the general litigation.' * * *

" 'The seeming exception to this rule by which an adjudication final in its nature of matters distinct from the general subject of the litigation, like a claim to property presented by intervening petition in a receivership. proceeding, has been treated as final so as to authorize an appeal without awaiting the termination of the general litigation below (Central Trust Co. v. Grant Locomotive Works, 135 U.S. 207, 224, 10 S.Ct. 736, 34 L.Ed. 97; Williams v. Morgan, 111 U.S. 684, 699, 4 S.Ct. 638, 28 L. Ed. 559; Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157) has no. application here.' "

In Re N. Y. Investors, Inc. (C.C.A.) 79 F.(2d) 179, at page 182, the court said: "The appellee Endleman makes the further objection that the appellant had no status which permitted it to appeal. He argues that the Reconstruction Finance Corporation is a secured creditor which has taken no steps to realize upon its security, and for that reason is without any standing. But a creditor, who has been permitted to intervene and whose rights to resort to the general assets for payment of any balance that may be due him after the application of his security, is affected by the decision and should be allowed to appeal."

See, also, Texas Co. v. International & G. N. Railway Co. (C.C.A.) 237 F. 921, and Krietmeyer v. Hemphill (C.C.A.) 19 F.(2d) 513, 515. In the latter case the court said: "As the order appealed from required the receiver to pay to holders of coupons of the first issued bonds funds in which appellant claimed the right to share, that order was, as to those funds, a final one, subject to be appealed from. Texas Co. v. International & G. N. Ry. Co. (C.C.A.), 237 F. 921; Stillman v. Hart

(C.C.A.) 126 F. 359. The motion to dismiss the appeal is overruled."

On the merits, this case is largely controlled by the general rule announced in our decision rendered today in the case of Southern Railway Co. v. United States Fidelity & Guaranty Co., 87 F.(2d) 118. Supplementing that opinion, we deem it proper to add a few words with reference to appellee's contentions.

A special circumstance relied on to take its claim out of the general rule as to ratable distributions among members of the same class is an account on the books of the corporation prior to receivership which was intended to cover probable personal injury claims. A reserve of $74,500, which had accrued under the accounting rules of the Interstate Commerce Commission, was set up on the books, but there was no proof that any part of this sum was actually segregated into a special fund or deposit. It was not a trust fund but a mere bookkeeping forecast of liabilities which the company might be called upon to pay. The making of such entries gives no judgment creditor a right to the fund. Similar reserves are shown for taxes, insurance, and interest, but they create no priority such as is here sought. An insolvent may not thus parcel out his estate. National City Bank of New York v. Hotchkiss, 231 U.S. 50, 34 S.Ct. 20, 58 L.Ed. 115; Re Interborough Consolidated Corp., 288 F. 334, 32 A.L.R. 932 (C.C.A.2d), certiorari denied, sub nom, Porges v. Sheffield, 262 U.S. 752, 43 S.Ct. 700, 67 L.Ed. 1215; Continental Casualty Co. v. Powell, 83 F.(2d) 652 (C.C.A.4th).

The fact that one of the grounds of equity set up in the bill seeking appointment of a receiver was to prevent sales under execution did not create an equity for preferential payment in favor of the surety who subsequently paid judgments which had been superseded. The object of the receivership was to restrain lienors and creditors from levying upon the property, to prevent an unfair advantage by one over another, to bring all the assets into equity, determine priorities, and make a ratable distribution to creditors of each class.

The court below, in its opinion, stated that section 77(n) of the Bankruptcy Act, as amended by Act Aug. 27, 1935 (11 U.S.C.A. § 205(n), shows a public policy in favor of the payment of surety claims such as this. That subdivision provides in part: "In proceedings under this section, * * * claims on August 27, 1935 or thereafter payable by sureties upon supersedeas, appeal, attachment, or garnishment bonds executed by sureties without security for and in any action brought against such railroad corporation or trustee appointed pursuant to this section, shall be preferred against and paid out of the assets of such railroad corporation as operating expenses of such railroad."

The above statute applies expressly to proceedings in bankruptcy, and this is an equity receivership (Clough v. Superior Equipment Corporation, 18 Del.Ch. 202, 157 A. 306, 309), but, aside from these facts, the amendatory act relating to reorganization of railroads had not been passed when the receiver in this case was appointed. Rights of creditors were fixed as of the date the receiver was appointed. In re U. S. Security Co., 321 Pa. 276, 184 A. 106; In re K.-T. Sandwich Shoppe of Akron (D.C.) 34 F.(2d) 962, 963.

The motion to dismiss is overruled, the order appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.