STATE *v.* NATHANIEL W. GUESSFORD, JR.

(*April* 8, 1937.)

SPEAKMAN, J., sitting.

*Caleb M. Wright,* Deputy Attorney-General, for the State. .

*Frederick P. Whitney* and *Houston Wilson* for the defendant.

Court of General Sessions for Sussex County, No. 17, April Term, 1937.

Speakman, J.

*Section* 5619 (*Section* 81, *Chap.* 165) of the *Revised Code* of 1935, for a violation of which the defendant is on trial, provides in part:-

"No person shall operate a motor vehicle while under the influence of intoxicating liquor. * * * Any Justice of the Peace of the State * * * shall have power and jurisdiction to hear and determine the offense created by this Section."

From the above it is apparent that the Justice of the Peace who heard and determined the offense with which the defendant was charged, did not exceed his jurisdiction unless such jurisdiction was either limited or defeated by reason of the provisions of *Section* 5683 of the *Revised Code* of 1935, above referred to.

Under the provisions of *Section* 5683 the defendant would undoubtedly have divested the Justice of the Peace before whom he was tried of jurisdiction to hear and determine the case, if he had exercised the right and privilege conferred by that Section, including the showing by competent testimony that there was a Justice of the Peace whose regular office was nearer to the place where he was arrested than "the Justice before whom the case is being tried." The language in the Statute "the Justice before whom the case is being tried," is so clear and explicit as to be readily understood, as is also the language in the statute "it shall be the right and privilege of the person so arrested."

It is generally held by the authorities that all the rights and privileges to which a person is legally entitled, which rest in the individual and are intended for his sole benefit may be waived whether such rights are secured by contract or conferred by Statute. *Hirzel v. Silker*, 4 *W. W. Harr.* (34 *Del.*) 588, 156 *A.* 360.

Having failed to exercise the rights and privileges conferred upon him by the Statute in due season, the defendant must be deemed to have waived them.

See, also, *State v. Meader*, 47 *Vt.* 78.

The objection made by the Attorney-General is sustained.