STATE OF DELAWARE v. ENOS H. JOHNSON.

*(March* 28, 1946.)

CAREY, J., sitting.

*Daniel J. Layton, Jr.,* Deputy Attorney-General, for the State.

*Houston Wilson* for the defendant.

Court of General Sessions for Sussex County.

CAREY, J.:

The defendant filed written pleas, the first of which was the general plea of Not Guilty. The second was a special plea averring that Lorenzo C. King was not the nearest Justice of the Peace to the point of arrest, there then being a nearer Justice of the Peace, James K. Phillips, Sr.; and that upon his arrest and at his trial the defendant did plead and defend and show that fact by one competent witness. It is admitted on behalf of the State that all of the averments of fact in this special plea are true. It is also conceded that the defendant raised this defense as soon after his arrest as was reasonably possible. The State contends, however, that the difference in distance from the place of arrest to the respective offices of the two Justices of the Peace is merely a matter of one or two city blocks and that the statute relied upon by the defendant is not intended to be literally applied where the difference in distance is so slight as to cause no inconvenience or delay.

The statute referred to is 5683, Sec. 145, *Revised Code* of 1935. It applies only to arrests upon view and without warrant of persons charged with violating any of the motor vehicle laws. *Howell v. State,* Superior Court of New Castle County (unreported). Subsection .(b) provides as follows: "In the event of an arrest as aforesaid, the person or persons so arrested shall be taken before a Justice of the Peace or the Judge of the Municipal Court of the City of Wilmington, provided, if the arrest be for a violation outside the City of Wilmington, it shall be the right and privilege of the person so arrested to have his or her case heard and determined by a Justice of the Peace whose regular office shall be nearest to the place where such person was arrested.

It shall be a sufficient defense for any person arrested as aforesaid to show by one competent witness that there is in the State of Delaware, outside of the City of Wilmington, a Justice of the Peace whose regular office is nearer to the place where such person was arrested than the Justice before whom the case is being tried."

The only reported opinion construing this statute is in the case of *State v. Guessford,* 8 *W. W. Harr.* (38 *Del.*) 357, 192 *A.* 612. There Speakman, J., held that the privilege of being tried by the nearest Justice is intended for the sole benefit of the defendant; that it is a privilege which he can waive; and that a failure to exercise the privilege in due season constitutes a waiver. That case is not controlling here because it is admitted that Johnson made this defense in due season. The case is of interest here simply because certain sections of the statute were said to be so clear and explicit as to be readily understood.

■■■ It is a uniform rule that, when a statute is clear and explicit in its terms and no ambiguity appears, the rules of construction or interpretation have no application and the Court has no right to look for or impose another meaning. *DuPont v. Mills,* 9 *W. W. Harr.* (39 *Del.*) 42, 196 *A.* 168, 119 *A.L.R.* 174. Where a statute is so plain and unambiguous that it is not reasonably susceptible of more than one construction, Courts should not be concerned with the consequences resulting therefrom whether they be matters of inconvenience, unreasonableness, absurdity or inexpediency. Those are matters for legislative consideration. Even when there is room for construction or interpretation, criminal statutes are construed strictly against the State and liberally in favor of the accused. 50 Am.Jur. 430.

The State contends that the purpose of the paragraph quoted above is two-fold: first, to insure the motorist against the undue inconvenience or delay that would result

from being taken before some distant Justice of the Peace rather than one nearby; second, to insure the motorist of a fair trial by preventing his being taken to some distant Justice with whom the arresting officer may have made some collusive agreement to find all suspects guilty. It is argued that the legislature never intended the dividing line to be so finely drawn that a surveyor would have to be employed to determine the distance as a matter of feet and inches and that the demands of the statute are sufficiently complied with by taking the arrested person before a nearby Justice even though another might be slightly closer to the place of arrest.

In order to give this statute the meaning suggested by the State, it would be necessary to ignore the plain literal meaning of the terms used by the Legislature. The words are easily understandable and are not subject to more than one interpretation. Regardless of the motive or reason for the adoption of this statute, the intent is clear. If it results in occasional hardship in enforcing the law, the remedy is with the Legislature. On the other hand, it is not entirely clear just how it will result in undue hardship. By its express terms, the burden is upon the defendant to show by at least one competent witness that there is a nearer Justice than the one before whom the case is being tried. In the vast majority of cases, the arresting officer will know without doubt which Justice is the nearest one. In the few cases where doubt exists, the officer will undoubtedly make an honest effort to go before the nearest one and, if the defendant is able to prove that the officer's selection was wrong, the offender can then be taken before the proper Justice.

Cases interpreting or defining the words "nearest Justice" are very few. Many of them deal with civil suits on fire insurance policies and in those instances the Courts

have not applied a strict interpretation of the term. However, in every criminal case which I have seen, the ordinary literal meaning of the words has been applied. The citations in 28 *Words and Phrases, Perm.Ed.,* 116 *et seq.* are of interest in this connection. In *State ex rel. Lohman v. District Court,* 49 *Mont.* 247, 141 *P.* 659, 661, the words "nearest Court" were said to mean the nearest District Court as determined by the shortest route in the usual mode of travel. The case of *Crichton v. State,* 115 *Md.* 423, 81 *A.* 36, is somewhat similar to the instant case and at first glance might appear to be in conflict with the present ruling. However, a careful examination of that case convinces me that the effect of the Court's ruling is merely that the warrant need not be issued by the nearest Justice but that the trial itself should take place before the nearest one.

It is my conclusion that the words "nearest Justice of the Peace" as used in this statute mean the Justice whose regular office is the nearest to the place of arrest as measured according to the shortest usual route of travel. It follows that Mr. King did not have jurisdiction to hear and determine this case.

The finding of guilt will therefore be reversed and the cause remanded.