FRANK M. NELTE, JR., Defendant Below, Appellant, v. STATE OF DELAWARE, Plaintiff Below, Appellee.

(*March* 4, 1964.)

TERRY, C. J., WOLCOTT and CAREY, J. J., sitting.

*George A. Bramhall* and *Paul R. Reed* for appellant.

*Sidney Schwach*, Assistant Deputy Attorney General, for the State.

Supreme Court of the State of Delaware, No. 72, 1963.

WOLCOTT, Justice.

This is an appeal from an order of the Superior Court on certiorari to a Justice of the Peace affirming a judgment of guilty.

The facts are that Nelte was arrested upon view by a Delaware State Trooper and taken before a Justice of the Peace whose office was located at a farther distance from the point of arrest than the office of another Justice of the Peace.

Nelte plead not guilty and a hearing was had after which the Justice of the Peace found him guilty and advised him of the right of appeal. Some five months later, after the time for an appeal had expired, Nelte petitioned for a writ of certiorari to reverse the judgment of the Justice of the Pease. Pursuant to the writ, a transcript of the record of the Justice of the Peace was filed in the Superior Court which, in part, reads as follows:

"January 17th, A.D. 1963 affidavit filed by George Brewington of the Delaware State Police charging Frank M. Nelte, Jr., of Cedar Creek Hundred on January 17th, A.D. 1963, did then and there on Route #36 a two lane public Highway of this State, at a point Lake Avenue,

Milford, Delaware, Sussex County, Cedar Creek Hundred, operate a motor vehicle in an unlawful manner. To Wit: Having received an audible and visual signal from a Police Officer to stop, did operate his vehicle in disregard of said signals and did attempt to elude said Police Officer. This being in violation of Title 21, Chapter 41, Section 4122 paragraph (c) of the 1953 revised code of Delaware.

"Warrant of arrest issued.

"January 17th A.D. 1963 returned cepi corpus by T.F.C. George Brewington, of The Delaware State Police.

"The Defendant was advised of the right to elect to be tried by the Court of Common Pleas, but he elected to be tried by me this date. Defendant arraigned. Pleas not guilty.

"And now to-wit: this 17th day of January A.D. 1963 the said Defendant and witnesses present, a hearing of the case was had by me the Justice of the Peace aforesaid, and after careful consideration of the evidence as given by the witnesses called, I adjudged Frank M. Nelte, Jr., guilty of the offense as above charged and imposed a fine of $200.00 Two Hundred and no/100 and $3.50 Three and 50/100 dollars costs of case and/or imprisonment for a term of none.

"After passing judgment I advised the Defendant of the right to take an appeal from my decision and informed him of the time and manner an appeal must be made."

On the authority of *State v. Guessford,* 8 W.W.Harr. 357, 192 A. 612, the judgment of the Justice of the Peace was affirmed. It is from this ruling that the appeal is taken to this court.

The review of the proceedings before the

Justice of the Peace in this case is by writ of certiorari, appeal having been precluded by the passage of time. It is the established practice in this State that in a proceeding on certiorari an exceptant to the record below may not introduce evidence *aliunde* the record for the purpose of contradicting the facts set forth in the record itself. Unless lack of jurisdiction in the Justice of the Peace to entertain the cause appears on the face of the transcript the judgment will be affirmed. The rule is so well settled that extended discussion is unnecessary. *Betts v. Warren,* 5 Har. 4; *Wolcott v. Shaw,* 5 Houst. 25; *Hudson's Admrs. v. Messick,* 1 Houst. 275; *Billingsley v. Wilckens, Staats & Co.,* 1 Boyce 60, 74 A. 366; *Clough v. Superior Equipment Corp.,* 18 Del.Ch. 202, 157 A. 306; 1 Woolley on Delaware Practice, §§ 897, 898.

It is argued before us that the transcript of the proceedings before the Justice of the Peace in this case on its face shows a lack of jurisdiction in the Justice of the Peace to hear and determine the cause by reason of 21 *Del. C.* § 704, which provides as follows:

"A person arrested without a warrant in the City of Wilmington for a violation of any section of this title shall be taken before a Judge of the Municipal Court for the City of Wilmington. A person arrested without a warrant outside of the City of Wilmington for a violation of any section of this title shall have the right to have his case heard and determined by the nearest available justice of the peace. It shall be a sufficient defense for a person arrested outside of the City of Wilmington to show by one competent witness that there was, at the time of his arrest, an available justice of the peace whose regular office was nearer to the place where such person was arrested than the justice of the peace before whom the case is being tried.

"For the purpose of this section, justice of the peace is available when he is at his office, or court, or at his residence."

We think, however, that the code section is not jurisdictional but gives to a person charged with the violation a defense to that charge under the circumstance that he is not taken before the nearest Justice of the Peace. This we understand to be the holding of *State v. Guessford,* supra. In that case under somewhat similar circumstances the defendant failed to assert the defense before the Justice of the Peace and attempted to assert it in the Superior Court on writ of certiorari. The holding was that, having failed before the Justice of the Peace to interpose the statutory defense, the defendant must be held to have waived it.

It is, of course, the general rule that rights and privileges amounting to a defense intended for the sole benefit of the person charged may be waived by him through inaction or failure to assert them. *Hirzel et al. v. Silker,* 4 W.W.Harr. 588, 156 A. 360.

If, therefore, the statute in question merely gives a defense to a defendant which must be asserted by him, the statute has no bearing whatsoever upon the jurisdiction of the Justice of the Peace. This we understand to have been the holding in *State v. Johnson,* 4 Terry 294, 46 A.2d 641, which construed the statute in question to the effect that since it places upon the defendant the burden to show by at least one witness that there was a nearer Justice of the Peace to the place of arrest, it is a statutory defense which if not asserted must be held to be waived. We agree with this construction of the statute.

Nelte, however, argues earnestly that to so construe the statute is to defeat its purpose which is to prevent

secret agreements between arresting officers and Justices of the Peace which will lead the officer to bring all of his cases before a particular Justice of the Peace who agrees to find them guilty. This may be so, but it cannot change the plain meaning of the statute which is couched in terms of an affirmative defense to be proved by the defendant. As such, therefore, it is not a limitation upon the jurisdiction of the Justice of the Peace to try the case.

This statute differs from the statute giving an election to a defendant to be tried either by the Justice of the Peace before whom he is taken or by the Court of Common Pleas (11 *Del. C.* § 5901), which requires specifically that every Justice of the Peace shall advise an accused brought before him of his right to elect to be tried before the Court of Common Pleas for the county "before the justice of the peace shall have jurisdiction to try the case."

In *Ney v. State*, 5 Terry 1, 54 A.2d 542, it was held that this statute gave a personal right of election which could be waived by the defendant and if he in effect elected to be tried before the Justice of the Peace that was the end of the matter. One of the purposes of the statute was to acquaint the defendant of this right of election. It would therefore follow that if he was not so acquainted with his right to elect, the concluding phrase of the statute destroys the jurisdiction of the Justice of the Peace over the defendant.

It therefore would also follow that the transcript of the record in order to maintain the jurisdiction of the sentencing Justice of the Peace must affirmatively show that the defendant was acquainted with a right to elect which court he would be tried in. The same is not true, however, with respect to 21 *Del. C.* § 704.

The argument is made to us that as a matter of public

policy it is desirable to acquaint a motorist of this right of defense. This may well be desirable, but the statute as presently drawn does not so require. The argument made in this respect would be more appropriately addressed to the General Assembly.

For the foregoing reasons therefore the judgment of the court below is affirmed.