**STATE of Delaware**

v.

**Robert Francis CRAWFORD.**

Superior Court of Delaware, New Castle.

Sept. 6, 1972.

**56**

H. Murray Sawyer, Jr., Deputy Atty. Gen., Dept. of Justice, Wilmington, for the State.

John E. Babiarz, Jr., Wilmington, for Robert Crawford.

TAYLOR, Judge.

Defendant was convicted in Justice of the Peace Court No. 15 of driving a motor vehicle while under the influence of intoxicating liquor and has appealed to this Court. Before trial, defendant has moved for judgment of acquittal on the ground that he was not tried before the nearest available Justice of the Peace to the place of his arrest.

■ The motion made by defendant is entitled a Motion for Judgment of Acquittal. Rule 29 of the Criminal Rules, Del. C.Ann., of this Court provides for a motion of judgment of acquittal "after the evidence on either side is closed". Inasmuch as evidence has not presented in this case, the motion for judgment of acquittal is denied and the motion will be treated as a motion under Rule 12 of the Criminal Rules. State v. Johnson, 46 A.2d 641 (Gen.Sess. 1946).[1]

Defendant was arrested at the foot of the Maryland Avenue I–95 off-ramp for a violation which occurred on Interstate Highway I–95 at approximately 11 p. m., was detained at the State Police barracks until the next morning when he was taken to Justice of the Peace Court No. 15 in Independence Mall on Concord Pike, was at that time arraigned, and at a later date was tried in the same court and was found guilty. An affidavit attached to the defendant's brief states that the defendant raised the issue that he had not been taken to the nearest available Justice of the Peace to the place of arrest and that the Justice of the Peace denied this defense on the ground that Justice of the Peace Court No. 13, which was nearer, was a court having jurisdiction solely over civil matters. The parties have stipulated that the Justice of the Peace Court nearest to the place of arrest was Justice of the Peace Court No. 13 at 920 King Street, Wilmington, Delaware. An affidavit attached to the State's brief indicated that Justice of the Peace Court No. 13 is not open between 4:30 p. m. and 8:30 a. m. the following morning, and that Court No. 13 handles no criminal matters with the exception of preliminary hearings. The above facts are not in dispute.

The first sentence of 21 Del.C. § 704(a) reads as follows:

"(a) A person arrested without a warrant in the City of Wilmington for a violation of any section of this title shall be taken before a Judge of the Municipal Court for the City of Wilmington, except that persons arrested for a violation occurring on any part of the Interstate Highway System may be taken before the nearest available Justice of the Peace from the place of arrest."

The portion of the sentence preceding the comma requires that a person arrested without a warrant for a motor vehicle violation in the City of Wilmington be taken before a Judge of the Municipal Court. An exception is made in the case of violations on the Interstate Highway System, permitting such violations to be taken before the nearest available Justice of the Peace from the place of arrest. This exception is confined to the "nearest available Justice of the Peace". While the statute gives to the arresting officer the choice of taking the defendant before a Judge of the Municipal Court or before the nearest available Justice of the Peace, it does not give him a discretion to take the defendant before any Justice of the Peace other than the nearest available Justice.

1. As to the proper disposition if the motion were found to be meritorious, compare State v. Johnson, 4 Terry 294, 46 A.2d 641 (Gen.Sess.1946) and unreported opinion in State v. Craft, Motion, June Term, 1971, Superior Court, Sussex County.

The defense contends that availability should be determined as of the time the defendant was taken before the Justice of the Peace. The State, on the other hand, contends that availability is to be determined as of the time of the arrest. The last sentence of § 704(a) [2] indicates that with respect to a person arrested outside of the City of Wilmington, availability is to be determined as of the time of his arrest.

An examination of the legislative history of Section 704(a) shows that as originally adopted by 50 Del.Laws, Chapter 414, with the designation "Section 704", it provided that persons arrested for motor vehicle violations in the City of Wilmington be brought before the Municipal Court, while persons arrested for motor vehicle violations occurring outside the City of Wilmington be brought before the nearest available Justice of the Peace. The last sentence of that provision provided the mode of raising the requirement that the defendant arrested outside of the City of Wilmington for motor vehicle violation be taken before the nearest available Justice of the Peace and, since the only persons coming before a Justice of the Peace were those arrested outside of Wilmington, it was applicable to all cases then coming before Justices of the Peace. The section was revised by 56 Del.Laws, Chapter 402 to provide, inter alia, that Interstate Highway System violations occurring in Wilmington could also be taken before the nearest available Justice of the Peace. The last sentence was retained verbatim in law, and it must be concluded that the legislative draftsman did not focus on the fact that the new section permitted certain violations occurring within Wilmington to be taken before the nearest available Justice of the Peace.

Literally, in the case of arrests outside of Wilmington, the statute provides that "nearest available" shall be determined as of both the "time" and the "place" of arrest. In the case of Interstate Highway System violations in Wilmington it provides that "nearest available" shall be determined in relation to the place of arrest but it is silent as to the time the availability is to be determined. Nothing other than the failure to rewrite the last sentence of § 704(a) points to a possible legislative intention not to make the determination of "availability" depend on the facts existing as of the time of arrest in both cases and no rational basis for a distinction has been shown. In State v. Johnson, 4 Terry 294, 46 A.2d 641 (Gen.Sess.1946), one of the purposes of this statute was stated to be to prevent arresting officers from utilizing "favorable" Justices of the Peace. Since the time of taking a defendant before a Justice of the Peace might be subject to closer control by the officer than the time of arrest, the policy consideration stated in *Johnson, supra,* would support having "availability" be governed by the facts existing at the time of arrest.

■ Accordingly, I conclude that the policy stated in the last sentence of § 704 (a) that the availability of a Justice of the Peace is to be determined as of the time of the arrest also applies to the construction of the phrase "nearest available Justice of the Peace" where it is used with reference to violations occurring on the Interstate Highway System within the City of Wilmington.

The fact that the defendant was in custody overnight does not have a bearing on this matter. "Arrest" is defined as "the taking of a person into custody in order that he may be forthcoming to answer for the commission of a crime". 11 Del.C. § 1901. The "time of his arrest" is the time when he was taken into custody.

2. The last sentence of 21 Del.C. § 704(a) reads as follows:
"It shall be a sufficient defense for a person arrested outside of the City of Wilmington to show by one competent witness that there was, at the time of his arrest an available Justice of the Peace whose regular office was nearer to the place where such person was arrested than the Justice of the Peace before whom the case is being tried."

21 Del.C. § 704(b) states that "a Justice of the Peace is available when he is at his office, or court". It is not contended that a Justice of the Peace was in Court No. 13 after 4:30 p. m. until 8:30 a. m. the following morning. Since the arrest occurred at 11 p. m. a Justice of the Peace was not available in Court No. 13 at the time of the arrest and should not be considered in ascertaining the nearest available Justice of the Peace.

Accordingly, the motion is denied.

It is so ordered.