The **STATE of Delaware**

v.

**William R. SLUSS.**

Superior Court of Delaware, New Castle County.

Oct. 22, 1974.

L. Kent Wyatt, Deputy Atty. Gen., Dept. of Justice, Wilmington, for State.

Michael N. Castle, Connolly, Bove & Lodge, Wilmington, for defendant.

OPINION

O'HARA, Judge.

Appellant was arraigned in Justice of the Peace Court No. 10 and, at his request, the case was transferred to Court of Common Pleas for trial. Appellant moved for judgment of acquittal on the ground that he was not initially taken before the Municipal Court in the City of Wilmington as required by 21 Del.C. § 704(a), but instead was taken before a Justice of the Peace.

In the Court of Common Pleas, appellant was found guilty of driving a motor vehicle while under the influence of intoxicating liquor in violation of 21 Del.C. § 4176(a).

Appellant, after pursuit, was eventually stopped by a County police officer while driving a motor vehicle on Broom Street in the City of Wilmington, and arrested, pursuant to observations by the officer of the appellant's driving in the County of New Castle and in the City of Wilmington. However, the charge placed against defendant was that the offense occurred in the county.

The law on jurisdiction of offenses for motor vehicle violations reads as follows (21 Del.C. § 704(a)):

"A person arrested without a warrant in the City of Wilmington for a violation of any section of this title shall be taken before a Judge of the Municipal Court for the City of Wilmington, except that persons arrested for a violation occurring on any part of the Interstate Highway System may be taken before the nearest available Justice of the Peace from the place of arrest. A person arrested without a warrant outside of the City of Wilmington for a violation of any section of this title, or arrested for any moving traffic violation of any municipal ordinance regulating traffic within its territorial limits as set forth in Chapter 41 of this title, shall have his case heard and determined by the nearest available Justice of the Peace, notwithstanding the fact that the court of said Justice of the Peace is situated in a county other than that in which the violation is alleged to have occurred. It shall be a sufficient defense for a person arrested outside of the City of Wilmington to show by one competent witness that there was, at the time of his arrest an available Justice of the Peace whose regular office was nearer to the place where such person was arrested than the Justice of the Peace before whom the case is being tried."

The first sentence of this statute applies to an arrest, without a warrant, in the City of Wilmington and provides that a person charged shall be taken before a Judge of the Municipal Court. The other two sentences apply to warrantless arrests outside the City of Wilmington; the first providing that a person shall be tried before the nearest available Justice of the Peace even though the court of that Justice of the Peace might be in an adjoining county, and the second providing that a person arrested outside the City of Wilmington may have a sufficient defense if he shows, by one competent witness, that there was available at the time of the arrest a Justice of the Peace nearer than the one before whom he was brought.

Appellant relies on the first sentence because, as stipulated, he was arrested inside the City of Wilmington. His position is that the statute simply requires that *all* arrests in the City of Wilmington must be processed before the Municipal Court instead of before a Justice of the Peace Court. The appellant further argues that since an individual who is not taken to the nearest available Justice of the Peace Court, where two are available, has an absolute defense, than one who is taken to a Justice of the Peace Court instead of to the Municipal Court should be afforded the same protection.

The State's main point is that a literal interpretation of the language of the first sentence of section 704(a) would mean that in a given situation a defendant could not be prosecuted. A speeder in the county, for example, might have ceased speeding by the time he gets into the City of Wilmington and is stopped. If he is brought before the Municipal Court, the case would be dismissed because the offense obviously had taken place outside the city; yet, if he were taken to the nearest Justice of the Peace in the county, his defense would be that he had been arrested within the City of Wilmington and that the Justice of the Peace lacked jurisdiction, citing 21 Del.C. § 704(a). The State con-

tends that the statute should not be interpreted to produce such an absurd consequence; that the Legislature must have intended that an arrested person should be taken before the Municipal Court for offenses, not arrests, committed within the City of Wilmington.

It is noted that many motor vehicle offenses take place in the county and the arrest is not made immediately, or, in fact, until days, weeks, or months later when the person can finally be located. If the person happens to be located in the City of Wilmington and is there arrested, he could not be prosecuted under the appellant's theory since the Municipal Court lacks jurisdiction over offenses committed in the county.

The State relies to some extent on dicta in the case of State v. Crawford, Del. Super., 297 A.2d 55 (1972) in which Judge Clarence W. Taylor refers to the predecessor statute which, at the time of passage, was labeled section 704. The language of the predecessor statute made it clear that Municipal Court was to hear cases where the *offense* occurred in the city rather than merely because the arrest occurred in the city.

It is this Court's conclusion that to effect the inherent purposes of the law, the first sentence of section 704(a) providing that persons arrested for motor vehicle violations in the City of Wilmington be taken before the Municipal Court must be construed to mean that persons arrested for committing motor vehicle offenses within the City of Wilmington should be taken before the Municipal Court. Appellant suggests that it was the legislative intent to create an ambiguity, a conclusion which this Court cannot endorse where a sensible alternative exists. Accordingly, the Court concludes that appellant was properly taken before the Justice of the Peace Court and the order denying the motion for judgment of acquittal should be affirmed.

It is so ordered.

The State's additional contention that appellant waived his right to rely on 21 Del.C. § 704(a) is not necessary to a determination of the issues presented and is, therefore, not ruled upon.