KATE C. WARDELL, PLAINTIFF, v. LOUIS WARSHOFSKY, ETC., DEFENDANT.

Submitted January term, 1932—Decided April 9, 1932.

Before Justices CAMPBELL and LLOYD.

For the plaintiff, *David Goldstein.*

For the defendant, *William L. Edwards.*

Per Curiam.

In an action for damages for alienation of affections a judgment was entered for $15,000 against the defendant on September 23d, 1931. Although the defendant had filed an answer by his attorney, he and his attorney did not appear when the cause was called for trial and the finding of the jury was predicated upon the proofs of the plaintiff and witnesses produced by her.

On October 10th, 1931, defendant noticed the plaintiff of an application to be made to a justice of this court on October 12th, 1931, for an order to set aside this judgment and the levy under an execution issued under such judgment.

Upon a hearing of the matter the justice denied the application and an order to that effect was made October 13th, 1931.

On November 30th, 1931, the justice made an order directing that the execution issued under such judgment be stayed and the cause retried, upon the defendant depositing with the clerk of this court $4,000.

On December 1st, 1931, the plaintiff served notice upon the defendant of an application to be made to the justice on November 30th, 1931, to set aside his order of November 30th, 1931. After hearing the parties the justice denied the motion and signed such an order on December 7th, 1931.

Notice was then given by the plaintiff of an application to be made to this court to set aside the orders of November 30th and December 7th, 1931, and so that is the matter now before us.

Points 1, 2, 3 and 4 treat of the proceedings before the justice as an application for a new trial, and being so the proceeding was improper and not in accordance with the rules of this court.

But this is a false premise. The proceeding was not for a new trial but for an opening of the judgment so that the defendant might have his day in court and present and urge his defense.

Point 5 is that the order of November 30th, 1931, is legally ineffective because made and entered without notice to the plaintiff.

It seems to have been without direct notice, but the entire matter seems to have been thoroughly reheard and reconsidered on December 7th, 1931, upon the application of plaintiff to set aside such order so that we are unable to see how the plaintiff has been prejudiced by failure to have notice of the application for the order of November 30th, 1931.

Point 6 is that the order of November 30th, 1931, is without force because of a contrary previous order of October 13th, 1931.

This is not so. It is always open to the judge or the court to reverse and correct or modify orders in matters of this character.

The remaining point is that orders for new trials cannot be made except upon the showing of surprise and merit.

This was a matter for the consideration of and settlement by the justice making the orders, and the presumption is that he passed upon them in exercising his discretion in making the orders.

But aside from this the facts satisfy us that there was presented and shown both surprise and merit.

The application to set aside the orders is denied.