WALTER FREDERICKS, RELATOR, v. A. W. MAGEE, ACT-
ING COMMISSIONER OF MOTOR VEHICLES OF THE
STATE OF NEW JERSEY, RESPONDENT.

Submitted May term, 1936—Decided July 17, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and
PERSKIE.

For the relator, *Joseph F. Deegan.*

For the respondent, *David T. Wilentz,* attorney-general,
and *Alexander F. Ormsby,* assistant attorney-general.

The opinion of the court was delivered by

PERSKIE, J. The question requiring decision is whether
respondent is lawfully justified in refusing to return rela-
tor's license to operate an automobile.

The pleadings and stipulations disclose that, on August
5th, 1935, relator was apprehended by the police of the city
of Perth Amboy, and that on August 6th, 1935, he was tried
and convicted by the acting recorder of that city on a charge
of violating section 14, subdivision 3 of the Motor Vehicle
act (chapter 208, *Pamph. L.* 1921), amended by chapter 171,
*Pamph. L.* 1931 (operating a motor vehicle while under the
influence of intoxicating liquor). He was sentenced to pay a
fine of $200 and costs and his driver's license was revoked.
On August 18th, 1935, relator was allowed a writ of *certiorari*
to review that conviction. Pending determination of the
writ, respondent placed relator's name on what is charac-

terized as the permanent prohibitory list of drivers, due to the fact that relator was a second offender by reason of a prior conviction (section 14, chapter 171, *Pamph. L.* 1931, *p.* 368; *N. J. Stat. Annual* 1931, § 135-63, 14, ¶ (3). On September 18th, 1935, the *certiorari* proceedings were discontinued. On September 19th, 1935, the recorder set aside the conviction of August 6th, 1935. The case was retried. We are told that for the first time relator was represented by counsel and his witnesses were heard. Relator was acquitted and the complaint against him was dismissed. He then made application for the return of his license on the ground that the revocation thereof was without sufficient cause. The application was denied. The return admits, in the main, the material averments of the writ. Relator demurred.

In justification of respondent's refusal, the single point is made that the recorder was without jurisdiction to change, alter or open his decision when, as here, a mandatory penalty is fixed for the violation under the Motor Vehicle act.

Chapter 171, *Pamph. L.* 1931, *pp.* 376, 377, § 25, *subdiv.* 1, ¶ 3; *N. J. Stat. Annual* 1931, § 135-76, 25 (1), ¶ 3 of the Motor Vehicle act, reads as follows:

"In any proceeding instituted pursuant to the provisions of this act, except where a mandatory penalty is fixed herein, the magistrate is authorized and empowered, after conviction or after a plea of guilty or non-vult, to suspend the imposition or execution of sentence, and also to place the defendant on probation * * *."

It is undoubtedly true that a conviction for driving a motor vehicle while under the influence of intoxicating liquor carries with it a mandatory penalty. But obviously a conviction is *sine qua non;* it is a condition precedent to the resultant penalty.

It will be observed that no attack is made on the merits upon which the recorder set aside the conviction. Respondent's argument is tantamount to the contention that once there is a conviction the penalty for which is fixed, the recorder, the judge of the court, is without power to do any-

thing about it. If that be sound it follows that no matter how convinced a judge may be that he reached an erroneous, illegal or void result he is powerless to remedy or correct it. Such a contention is contrary to all fundamental principles of justice. On the rights of a judge with reference to erroneous, void or voidable judgments compare *Westfield Trust Co.* v. *Court of Common Pleas,* 115 *N. J. L.* 86; 178 *Atl. Rep.* 546; *affirmed,* 116 *N. J. L.* 190; 183 *Atl. Rep.* 165; *Dorman* v. *Usbe Building and Loan Association,* 115 *N. J. L.* 337; 180 *Atl. Rep.* 413; *Wardell* v. *Warshofsky,* 10 *N. J. Mis. R.* 519; 159 *Atl. Rep.* 694.

The court did not merely "suspend the imposition or execution of [its prior] sentence." It set aside the judgment. When that judgment fell the resultant penalty necessarily fell with it.

Nor is it made to appear that the revocation by respondent of relator's license was made "after due notice in writing" as required by chapter 49, *Pamph. L.* 1934, *p.* 136; *N. J. Stat. Annual* 1934, § 135-55, 6.

In fine, let it be further marked that section 25 of the Motor Vehicle act, *supra,* evinces a legislative policy merely concerning punishment; it does not purport to, nor does it in fact in anywise abridge or curtail the inherent right and power of courts over their judgments.

The demurrer is sustained. Peremptory writ of *mandamus* is awarded.