17 N.J. Super. 419 (1952)
86 A.2d 143
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ALEX RESNICK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Bergen County Court Law Division.
Decided January 16, 1952.
*420 Mr. Ellis M. Kopp, Deputy Attorney-General, for plaintiff-respondent.
Mr. Robert W. MacQuesten, for defendant-appellant.
VANDERWART, J.C.C.
The defendant brings this appeal in order to reverse a conviction in the Municipal Court of East Paterson. There was agreement upon the facts, as follows:
(a) Defendant was a resident of the State of New York.
(b) Defendant's automobile was registered in the State of New York, in accordance with the law respecting the registration of motor vehicles of the State of New York, and had conspicuously displayed thereon registration.
(c) The stepson of the defendant was driving defendant's automobile with the permission of the defendant at the time of the alleged violation.
(d) At the time of the alleged violation the stepson of the defendant was 17 years of age and had in his possession a junior operator's license, which had been issued to him by the Commissioner of Motor Vehicles of the State of New York.
The defendant was charged with the violation of R.S. 39:3-39, the second paragraph of which is as follows:
"No person owning or having control or custody of a motor vehicle registered as provided in this subtitle shall allow the vehicle to be operated by a nonlicensed driver, on the penalty of a fine of not less than $50 nor more than $100."
The question for the determination of the court is whether, by reason of the facts stated in paragraph (d), defendant allowed his motor vehicle to be operated by a non-licensed driver.
Under date of November 1, 1951, William J. Dearden, Acting Director of the Division of Motor Vehicles of the Department of Law and Public Safety of the State of New Jersey, issued a directive to the effect that "no New York *421 State licensed driver under 18 years of age can legally operate a motor vehicle on the streets and highways of this State. Any such person apprehended while operating a motor vehicle in this State is subject to prosecution for driving without a license."
The remaining question to be decided is whether, under the Motor Vehicle Law of this State, the Acting Commissioner of Motor Vehicles was clothed with power to issue such a directive. I find that R.S. 39:3 confers upon the Commissioner of Motor Vehicles power to issue the directive described in the preceding paragraph.
Since, therefore, the defendant Alex Resnick allowed his car to be operated by his stepson, 17 years of age, on the day in question, in the State of New Jersey, he violated the directive issued by the Acting Commissioner and he was operating a motor vehicle in this State illegally, and in so doing he became subject to prosecution for driving without a license.
I therefore find the defendant guilty as charged in R.S. 39:3-39 and I sustain the conviction of the magistrate of the Borough of East Paterson, and fix the amount of the fine in the sum of $50 and $3 costs.