98 N.J. Super. 513 (1968)
237 A.2d 893
JOHN HOWE, PLAINTIFF-APPELLANT,
v.
JUNE STRELECKI, DIRECTOR OF DIVISION OF MOTOR VEHICLES, DEPARTMENT OF LAW AND PUBLIC SAFETY, STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 13, 1967.
Decided January 12, 1968.
*516 Before Judges KILKENNY, CARTON and FULOP.
Mr. Walter P. Romer argued the cause for appellant.
Mr. Thomas J. Savage argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey).
The opinion of the court was delivered by FULOP, J.S.C. (temporarily assigned).
This is an appeal in lieu of prerogative writs pursuant to R.R. 4:88-8 to compel the Director of the Division of Motor Vehicles to expunge from John Howe's driving record the notation that his driver's license had been suspended for 30 days from February 9 to March 10, 1966.
On January 9, 1966 a police officer charged Howe with driving his automobile at 60 miles per hour in a 50-mile zone in Piscataway Township, in violation of N.J.S.A. 39:4-98 and 99. On January 18, 1966 Howe entered a plea of guilty in the Municipal Court of Piscataway Township and was sentenced to pay a fine of $10 and $5 costs.
Howe contends that he told the judge of the municipal court that he had not driven at more than 55 miles per hour and that he was pleading guilty to exceeding the speed limit but not to driving at 60 miles per hour. However, the municipal court reported to the Director of the Division of Motor Vehicles that Howe had been convicted of driving at 60 miles per hour in a 50-mile zone.
On February 4, 1966 the Director notified Howe of the suspension of his driving privileges for 30 days, and demanded that he surrender his license to the Division. On February 8, 1966 Howe mailed in his license with a letter in which he set forth his contention as above mentioned and *517 added, "I wish to appeal the suspension based upon the fact that the charge of speeding 60 m.p.h. was incorrect." The Division refused a hearing on the ground that the municipal court conviction was conclusive of the facts, and under the regulations of the Division a 30-day suspension became mandatory upon a first conviction of driving ten miles or more over the speed limit in a 50-mile zone. No appeal was taken from that ruling. On March 10, 1966 the Division restored Howe's driving license.
On February 20, 1966, while his license was suspended, Howe drove his automobile, was apprehended, and was charged with driving while his license was suspended, in violation of N.J.S.A. 39:3:40. On March 9, 1966 Howe's attorney telephoned and wrote the judge of the Municipal Court of Piscataway Township requesting that he review the speeding conviction "for a possible re-determination" under the authority of R.R. 8:7-11. On March 15, 1966 Howe and his attorney appeared before the municipal court and satisfied the judge that Howe had been under the impression that he was pleading guilty to driving at 55 miles per hour and did not discover his error until some time in February. The "matter was reopened and tried."
The officer testified that Howe had driven at 60 miles per hour in a 50-mile zone, but could not recall the distance clocked and admitted that the speedometer of the police car had not been calibrated since August 18, 1965. Howe testified that he was not going above 55 miles per hour "and that the officer agreed with that speed at the time of issuance of the summons." The judge found him guilty of speeding at 58 miles per hour. The court reimposed the original fine and costs, "and no further penalty as to revocation was imposed, since counsel represented that the 30-day revocation period imposed by the Division had already been served." These facts were certified to the Division by the judge of the municipal court by letter dated March 16, 1966.
On March 16, 1966 Howe's attorney wrote to the Division asserting that the order of suspension dated February 4, *518 1966 was invalid in view of the redetermination by the municipal court, and requested that the record of the suspension should be removed from the Division's records. The Division entered a notation of the redetermination on its record but, on the advice of the office of the Attorney General, declined to expunge the record of the license suspension.
Howe instituted an action in lieu of prerogative writs in the Law Division of the Superior Court to compel the Director to expunge the record of the suspension. The Law Division judge noted that the action was for the review of a final decision of a state agency and that R.R. 4:88-8(a) provides that "Review of the final decision or action of any state administrative agency, other than those governed by Rules 5:2-5 and 5:2-9, shall be by appeal to the Appellate Division." He therefore ordered the matter transferred to this Division.
Howe's position is that the suspension became retroactively invalid because his conviction was modified after the term of the suspension had expired. He cites Fredericks v. McGee, 14 N.J. Misc. 538, 186 A. 444 (Sup. Ct. 1936). In that case defendant had been convicted of operating a motor vehicle while under the influence of intoxicating liquor. Since he had previously been convicted of the same offense, this conviction rendered him a second offender and his driver's license was revoked under a mandatory statutory provision. He was granted a new trial in the recorder's court and acquitted. The Commissioner of Motor Vehicles refused to restore his license. The former Supreme Court held that the penalty of revocation fell with the conviction and defendant was entitled to restoration of his license in the absence of revocation by the Commissioner on notice and hearing.
The present case is distinguishable. In this case Howe's license was restored before the judgment on which it was based was revised. The sole question is whether the factual record of the suspension should be erased. The Division has already noted the revised judgment of conviction on *519 Howe's driving record. The record is therefore complete and accurate.
It is true that the record may have effects in the future, and if the suspension of Howe's license had been illegal or invalid he would have a right to have that shown. If the suspension was not illegal, the record may not be erased.
Under N.J.S.A. 39:5-30 the Director may suspend or revoke a driver's license for a violation of any of the provisions of the Motor Vehicle Law "or on any other reasonable grounds," after due notice in writing of the proposed suspension and the ground thereof and, if requested by the licensee, a hearing. No conviction in any court is a condition precedent to such discretionary suspension and it may be imposed even though the licensee has not been prosecuted or has been acquitted. Atkinson v. Parsekian, 37 N.J. 143 (1962).
On the other hand, where the statute provides a mandatory suspension, as for instance under N.J.S.A. 39:4-50 upon conviction of operating a motor vehicle under the influence of intoxicating liquor, the suspension follows the conviction. If there was a conviction and it has not been vacated or reversed, there is no occasion for a hearing because the Director has no discretionary power in the matter. See Vance v. State Division of Motor Vehicles, 67 N.J. Super. 63 (App. Div. 1961).
N.J.S.A. 39:4-6 empowers the Director of the Division of Motor Vehicles to adopt rules and regulations. Under this power the Director may prescribe reasonable automatic license suspensions upon conviction of designated offenses. Cresse v. Parsekian, 43 N.J. 326 (1964). The regulation has the same effect as a like statutory provision. State v. Resnick, 17 N.J. Super. 419 (Law Div. 1952); State v. Atlantic City El. Co., 23 N.J. 259 (1957); 73 C.J.S., Public Administrative Bodies and Procedure, § 108.
The Director has adopted such regulations. The regulation here applicable provides:
*520 "1. This office shall revoke the driver license or privilege of any operator of a motor vehicle in New Jersey who:
(a) is convicted of operating said vehicle at a speed of sixty miles an hour or greater upon any street or highway on which the speed limit is fifty miles an hour or less;

* * * * * * * *
2. A first revocation pursuant to section one above of these regulations shall be for a period of thirty days and a second revocation pursuant to section one above of these regulations shall be for a period of sixty days."
Under this regulation the suspension is mandatory upon conviction of the described offense. Where there is a motion for new trial or an appeal from the conviction the license suspension should be withheld or suspended pending final adjudication. The Division indicates that that is the course followed when it is notified of the pendency of such motion or appeal. But where no such proceedings are pending in the trial court or in an appellate court, the conviction in the municipal court is a final judgment and the regulation applies.
At the time of the suspension of the license Howe stood convicted of driving at 60 miles per hour in a 50-mile zone. That judgment remained in full force throughout the period of suspension and was not under review in the trial court or in any appellate court. The Director was required by the regulation to suspend and keep the license suspended. She had the right to rely upon the judgment record. Her act was legal and valid. The subsequent alteration of the municipal court conviction did not render the suspension retroactively invalid.
It should be noted that the action of the municipal court 56 days after the conviction, vacating its judgment of conviction, permitting appellant to withdraw his guilty plea, and granting him a new trial was of very doubtful validity. The motion was made under R.R. 8:7-11. This rule provides for correcting an illegal sentence or reducing or changing a legal sentence. It provides no authority for reconsideration of the conviction. State v. Boening, 63 *521 N.J. Super. 588 (App. Div. 1960); State v. Tyska, 12 N.J. Super. 159 (Law Div. 1951), and cases cited therein.
A motion for leave to withdraw a guilty plea after sentence may not be granted where, as here, there is no proof or determination of "manifest injustice," a term closely akin to "fundamental unfairness" and possibly confined to a deprivation of due process. R.R. 3:7-10(a); R.R. 8:12-1; State v. Oats, 32 N.J. Super. 435 (App. Div. 1954); State v. Deutsch, 34 N.J. 190 (1961); State v. Herman, 47 N.J. 73 (1966). The municipal court did not purport to act under the current New Jersey equivalent of the writ of coram nobis. See Janiec v. McCorkle, 52 N.J. Super. 1 (App. Div. 1958) and R.R. 3:10A-2. The only other provision empowering the court to reconsider its judgment is R.R. 8:7-10, a motion for a new trial. Except when based on newly discovered evidence this motion as well as one for arrest of judgment under R.R. 3:7-12, must be made within ten days after the finding of guilt or within such further time as the court may fix during the ten-day period. R.R. 8:7-10. There was no extension of time within the ten-day period. The time may not thereafter be extended. R.R. 8:12-5(b). See also R.R. 3:7-11(a) and R.R. 1:27 B(c), and Federal Criminal Rules 33 and 45. It has universally been held that the expiration of the time limited for application for a new trial deprives the court of jurisdiction to grant a new trial. State v. Tolla, 73 N.J.L. 249 (Sup. Ct. 1906); Barron, Federal Practice and Procedure, Criminal, § 2283; Marion v. United States, 171 F.2d 185 (9th Cir. 1948).
The judge of the municipal court found at the second hearing that "the defendant was not aware that he had pleaded guilty to a specific speed of 60 miles per hour," and granted him a new trial on this ground. R.R. 8:4-3 provides that the municipal court "shall not accept such [a guilty] plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." R.R. 8:10-9 provides that "Before accepting a *522 plea of guilty to a traffic offense other than a parking offense, the court shall inform the defendant that a record of the conviction will be sent to the Director of the Division of Motor Vehicles of this State * * * to become a part of his driving record." It must be presumed that the municipal court carried out these mandates when Howe pleaded guilty. We perceive no reasonable basis on the record before us for the subsequent belated proceedings.
The action of the Director of the Division of Motor Vehicles is affirmed.