**STATE of Delaware**

v.

**Charles MOORE.**

Superior Court of Delaware, New Castle.

July 23, 1970.

John G. Mulford, Deputy Atty. Gen., for State of Del.

James F. Kipp, Wilmington, for defendant.

STIFTEL, President Judge.

Defendant was charged with driving his automobile when his license had been revoked by the Motor Vehicle Commissioner pursuant to Title 21, Del.C. § 2746. The defendant's license had been revoked because he was convicted before a Justice of the Peace of driving under the influence of intoxicating liquor, in violation of 21 Del.C. § 4176(a). The revocation of the license was mandatory. 21 Del.C. § 2732. The defendant appealed the driving under the influence conviction to this Court (21 Del.C. § 708). The Attorney General struck the conviction and the defendant pleaded guilty to the crime of reckless driving, an offense for which there is no mandatory revocation.

Several days after defendant pleaded guilty to reckless driving, defendant was stopped by a police officer who said he knew that defendant had been convicted of driving under the influence and therefore had no license. Defendant was charged with driving during the period of revocation of his driver's license. A hearing on the revocation charge was held on June 22, 1970.

Defendant argues that since the license was originally revoked because of the conviction of driving under the influence, that once the conviction was removed by act of the Attorney General in entering a *nolle prosequi* the reason for the mandatory revocation was also removed. The State argues that since defendant's license had not been returned at the time he pleaded guilty to reckless driving and before his arrest for driving during revocation (§ 2732), his license remained revoked, and that he is therefore guilty of the offense charged.

The essential elements of the offense are: (1) That there was a revocation of the license to drive a motor vehicle; (2) that it was a legal revocation; and (3) that during the period of such revocation, the accused operated a motor vehicle on the public highway. 61A C.J.S. Motor Vehicles, § 639(2) (a).

When the Attorney General reduced the charge from driving under the influence to reckless driving, and after defendant pleaded guilty thereto, he, in effect, removed the reason for the mandatory revocation on which the Commissioner of Motor Vehicles had formerly acted. Since the cause for the automatic revocation had been removed, it was no longer a legal one—an essential element of the offense having disappeared. When the judgment upon which the revocation was based fell, the effects of such conviction fell with it. See Fredericks v. Magee, 14 N.J. Misc. 538, 186 A. 444, 445, 125 A.L.R. 1459, 1463.

* * *

Removal of the mandatory grounds for revocation (§ 2732) does not preclude the Commissioner from acting under 21 Del.C. § 2733 (Discretionary Suspension or Revocation) subject to provisions of subsection (b) thereof. There was no action by the Commissioner against the defendant under this section either before or after the reckless driving sentence.

My opinion herein serves as no excuse for defendant driving on a public highway without an operator's license as required by 21 Del.C. § 2719(b). Defendant had the duty to seek and obtain the return of his license before driving. Under the circumstances, I find the defendant not guilty of the charge of driving while his license was revoked (21 Del.C. § 2746) but guilty of failing to have a driver's license in his possession in violation of 21 Del.C. § 2719(b). Sentence to follow.

It is so ordered.