**STATE of Delaware, Plaintiff,**

v.

**David N. BUCKINGHAM, Defendant.**

Superior Court of Delaware,
New Castle.

Submitted Jan. 16, 1976.

Decided Feb. 23, 1976.

John X. Denney, Jr., Deputy Atty. Gen., for the State of Delaware.

James F. Kipp, Wilmington, for defendant.

STIFTEL, President Judge.

This is an appeal from a two-count conviction in the Court of Common Pleas of the State of Delaware. Defendant David M. Buckingham was found guilty of violation of 21 Del.C. § 4164(c) (a stop sign violation) and driving without a valid license, 21 Del.C. § 2701.

Defendant was stopped at 7:34 A.M. on August 11, 1975, at the intersection of Brandywine Boulevard and Haines Avenue for failure to stop at a stop sign and for driving during a period of suspension

(21 Del.C. § 2756). The second charge was later amended to driving without a valid license (21 Del.C. § 2701). The arresting trooper accompanied defendant to the Penny Hill Police Station, a few blocks away, to run a teletype and write out the arrest ticket. They left the police station between 8:00 and 8:30 A.M. for Justice of the Peace Court 11 in New Castle, Delaware, approximately 5 to 7 miles away.

■ Defendant alleges that the arresting police officer should have taken him to Court 15, which is considerably closer. Although not open at 7:34 in the morning, it was open when they left the Police Station. According to 21 Del.C. § 703(a)(b):

"§ 703. Jurisdiction of offenses.

(a) A person arrested without a warrant in the City of Wilmington for a violation of any section of this title shall be taken before a Judge of the Municipal Court for the City of Wilmington, except that persons arrested for a violation occurring on any part of the interstate highway system may be taken before the nearest available justice of the peace from the place of arrest. A person arrested without a warrant outside of the City of Wilmington for a violation of any section of this title or arrested for any moving traffic violation of any municipal ordinance regulating traffic within its territorial limits as set forth in Chapter 41 of this title shall have his case heard and determined by the nearest available justice of the peace, notwithstanding the fact that the court of said justice of the peace is situated in a county other than that in which the violation is alleged to have occurred. It shall be a sufficient defense for a person arrested outside the City of Wilmington to show by 1 competent witness that there was at the time of his arrest an available justice of the peace whose regular office was nearer to the place where such person was arrested than the justice of the peace before whom the case is being tried.

(b) For the purpose of this section, a justice of the peace is available when he is at his office or court."

The purpose of 21 Del.C. § 703 has been made obsolete by the elimination of the percentage or commission payment system of magistrates. However, the statute remains on the books and it is for the Legislature, not the courts, to remove.

The defense provided in § 703(a) is not available to the present defendant. By the language of § 703(a), the defense of not being brought before the nearest available magistrate applies where the defendant is *tried* by the more distant magistrate. Mr. Buckingham was tried before the Court of Common Pleas under Rule 6(a) of the Criminal Rules of the Justices of the Peace. See *Brown v. State,* Del.Supr., 245 A.2d 925 (1968).

It should be noted that this holding is not based on waiver as in *State v. Guessford,* Del.Super., 8 W.W.Harr. 357, 192 A. 612 (1937), or *State v. Johnson,* Del.Gen. Sess., 4 Terry 294, 46 A.2d 641 (1946). Those cases involved trials in the Justice of the Peace Courts. Since no trial was held in a Justice of the Peace Court, the statutory defense is not available. Appeal is denied.

\* \* \* \* \* \*

■ Defendant also claims that *State v. Moore,* Del.Super., 269 A.2d 242 (1970), precludes his conviction for violation of 21 Del.C. § 2701, "Driving without a license". The original information charging a violation of 21 Del.C. § 2756, "Driving vehicle while license is suspended or revoked", would be subject to the defense in *Moore.* However, the amended information charging a violation of § 2701, is not subject to the *Moore* defense. In *Moore,* I spoke to an analogous factual situation;*

* Specifically, in *Moore,* I spoke to 21 Del.C. 2719(b), now § 2721(b). My words are applicable as well to § 2701.

"My opinion herein serves as no excuse for defendant driving on a public highway without an operator's license as required by [old Delaware Code citation]. Defendant had the duty to seek and obtain the return of his license before driving". (*supra*, p. 244).

The conviction of violation of 21 Del.C. § 2701 is affirmed.

IT IS SO ORDERED.