# CITY OF JACKSONVILLE v JOHNSON
## Case No. 88-90060-AP
Fourth Judicial Circuit, Duval County

September 22, 1989

### APPEARANCES OF COUNSEL

**James L. Harrison,** General Counsel and **Kerrean L. Salter,** Assistant Counsel, for appellant.

**David L. Thompson,** for appellee.

### OPINION OF THE COURT

MAJOR B. HARDING, Circuit Judge.

This is an appeal by the City of Jacksonville of an Order of the Civil Service Board of the City of Jacksonville entered on July 12, 1988, in the above styled cause. The issues on this appeal are whether the Civil Service Board departed from the essential requirements of law by its finding that it was manifestly unjust to terminate an employee who had

been adjudicated guilty of felony possession of cocaine under the facts of this case and whether there was competent substantial evidence to support the Civil Service Board's decision.[1]

The facts of this case are not in dispute. On April 15, 1988, the Appellee was arrested and charged with possession of cocaine, a third degree felony. During the course of the criminal proceedings in the Circuit Court of Duval County the Appellee, by and through his attorney, entered a plea of Nolo contendere. The Court found the plea to be freely and voluntarily given and adjudicated the Appellee guilty of the offense on May 17, 1988. The Judgment in the criminal case was an evidentiary exhibit at the hearing before the Civil Service Board.

At the hearing before the Civil Service Board, the Appellee presented the testimony of other employees and friends. The employee's age, his character and good performance as an employee were all testified to by witnesses. In addition, the Appellee denied that he had been in possession of cocaine. At the conclusion of the hearing and after deliberation, the Board, by a three (3) to two (2) vote, found that termination of the Appellee would be manifestly unjust under the circumstances and modified the discipline.

Manifest injustice is not specifically defined in Florida case law but the concept has been interpreted and defined by courts of other states. It is apparent from the manner in which the term has been used by the courts that, for a decision to be manifestly unjust, there must exist extreme circumstances which go beyond mere equitable or discretionary consideration. The circumstances must be, as stated by the Supreme Court ofNevada, ". . . shocking to the conscience of reasonable men . . . ." *Price v Sinnott,* 460 P.2d 837, 841 (Nev. 1969). The Supreme Court of New Jersey has defined manifest injustice as ". . . a term closely akin to " 'fundamental unfairness" ' and possibly confined to a deprivation of due process." *Howe v Strelecki,* 237 A.2d 893, 898 (N.J. 1968). Further, a manifest injustice was held by the Washington Supreme Court as one "that is obvious, directly observable, overt, not obscure . . ." *State of Washington v Taylor,* 521 P.2d 699, 702 (Wash. 1974). The Florida courts have applied these concepts in criminal and civil cases in a manner consistent with the foregoing cases, e.g., *State of Florida ex rel Seal v Shepard,* 299 So.2d 644, 645 (Fla. 1st DCA 1974); *State Road Department of Florida v Chicone, et al.,* 158 So.2d 753, 757 (Fla. 1963).

---

[1] Section 19.04 of the Charter of the City of Jacksonville was amended in 1984 to require a finding of manifest injustice before its City's disciplinary decisions can be modified. (Chapter 84-455, Laws of Florida).

The decision to terminate an employee for a conviction of felony possession of cocaine does not shock the conscience, nor can it be considered to be fundamentally unfair, especially at a time when local, state and federal governments are demanding drug-free workplaces, and are attempting to cope with the complexities and the harmful influence of drugs. This Court can take notice of overflowing jails and the dramatic impact of drugs in the community. The Charter of the City of Jacksonville grants to City managers the discretion to administer discipline of employees. It cannot be said that such discretion was abused by the City in this case.

The findings of the Civil Service Board are not supported by competent substantial evidence nor do they comply with the essential requirements of law.

The decision of the Civil Service Board is therefore REVERSED and this cause is remanded for the Civil Service Board to enter an Order affirming the termination of the Appellee from employment with the City.

The Appellee's Motion for Attorney's Fees is denied.

DONE AND ORDERED in Chambers at Jacksonville Duval County, Florida, this 22nd day of September, 1989.