## DEPARTMENT OF PUBLIC SAFETY, CITY OF JACKSONVILLE, FLORIDA v LUNDY

### Case No. 89-56-AP

Fourth Judicial Circuit, Duval County

March 27, 1990

### APPEARANCES OF COUNSEL

**Linnie Williams, Esquire,** for the Civil Service Board.
**Steven E. Rohan, Esquire,** for appellant, the City of Jacksonville.
**Kenneth Vickers, Esquire,** for appellee, William D. Lundy.

### OPINION OF THE COURT

LAWRENCE D. FAY, Circuit Judge.

### *OPINION ON APPEAL*

Appellant, City of Jacksonville, through its Department of Public Safety, appeals an Order of the City of Jacksonville Civil Service Board modifying the disciplinary dismissal administered by the City's Department of Public Safety. Oral arguments were not requested but were set

upon the Court's calendar. The arguments were postponed at the request of the Appellee. After further review of the briefs, the Court determines that the issues are clearly, competently and adequately addressed in the briefs and oral arguments are unnecessary. See Rule 9.320 Florida Rules of Appellate Procedure. For the reasons stated herein, the Order of the Civil Service Board is reversed.

The City of Jacksonville Civil Service Board is a quasi judicial administrative board established by the Florida Legislature to hear and determine, amongst other matters, the appeals of the City civil service employees from disciplinary actions taken by the various city departments and agencies. The Civil Service Board is granted jurisdiction to review disciplinary action and:

> . . . If after review the civil service board determines that the disciplinary action is inconsistent with such provisions, rules, or regulations, *or concludes that the disciplinary action is manifestly unjust under the circumstances,* it shall order the reduction or increase of the disciplinary action. . . . (Emphasis Added)

Chapter 84-455 Laws of Florida. The Civil Service Board in this case found that the disciplinary action of the Public Safety Department, to wit: dismissal from employment, was manifestly unjust, and reduced the discipline to a six month suspension followed by probation.

Appellee Lundy, a veteran firefighter, admitted at his civil service hearing on July 24, 1989, that through January of 1989 he was a recreational user of cocaine. Lundy claimed that he was still fit for duty. Lundy had earlier been arrested for cocaine possession and admitted that approximately four months after the arrest he tested positive again for cocaine use. He admitted he purchased cocaine in January or February of 1989, and again in March of 1989, after being placed on community control for the criminal offense of possession of cocaine.

The Public Safety Department sought dismissal for Lundy's conduct. Just cause was established through the admissions of Lundy; it was not contested on appeal. The only issue in this appeal is whether there existed substantial competent evidence to support the finding of manifest injustice.

The Court agrees with Appellee on the standards to be applied in reviewing this case. As stated in *Deerfield Beach v Valiant,* 419 So.2d 624, 626 (fla. 1982), the judgment must be "supported by competent substantial evidence." Further, while this Court is not to re-weight the evidence, the ultimate finding "should be sufficiently relevant and material that a reasonable mind would accept it as adequate to support

the conclusion reached . . ." *Degroot v Sheffield,* 95 So.2d 912, 916 (Fla. 1957).

This general law must then be applied to the specific definition of manifestly unjust. The term manifestly unjust was defined in this Circuit by the Honorable Major B. Harding in the *City of Jacksonville v L. A. Johnson,* Circuit Court, Duval County, Case No. 88-90060 AP. September 22, 1989:

> . . . Manifest injustice is not specifically defined in Florida case law but the concept has been interpreted and defined by courts of other states. It is apparent from the manner in which the term has been used by the courts that, for a decision to be manifestly unjust, there must exist extreme circumstances which go beyond mere equitable or discretionary consideration. The circumstances must be, as stated by the Supreme Court of Nevada, ". . . shocking t the conscience of reasonable men . . ." *Price v Sinnott,* 460 P.2d 837, 841 (Nev. 1969). The Supreme Court of New Jersey has defined manifest injustice as ". . . a term closely akin to 'fundamental unfairness' and possibly confined to a deprivation of due process." *Howe v Strelecki,* 237 A.2d 893, 898 (N.J. 1968). Further, a manifest injustice was held by the Washington Supreme Court as one "that is obvious, directly observable, overt, not obscure . . ." *State of Washington v Taylor,* 521 P.2d 699, 702 (Wash. 1974). The Florida courts have applied these concepts in criminal and civil cases in a manner consistent with the foregoing cases, e.g., *State of Florida ex rel Seal v Shepard,* 299 So.2d 644, 645 (Fla. 1st DCA 1974); *State Road Department of Florida v Chicone, et al.,* 158 So.2d 753, 757 (Fla. 1963).

This definition was essentially adopted by the Honorable Robert M. Foster in *Clinton Kelly v City of Jacksonville,* Circuit Court, Duval County, Case No. 89-40-AP, January 8, 1990.

Lundy did not dispute this definition but rather asserted in his brief that *L.A. Johnson* was distinguishable on the facts. Lundy is correct - the facts in *L.A. Johnson* are not nearly as egregious as the facts sub judice and it is even clearer in this cause that there is no substantial evidence to support the Civil Service Board Order.

The Public Safety Department's justification for dismissing Lundy was compelling. While drug involvement of a public works employee as sufficient justification for dismissal in *L.A. Johnson,* repeated cocaine use by a taxpayer paid, City firefighter is completely intolerable. The epidemic of illegal drug use in our country certainly extends across all areas of employment in society. However, it is likely that no job in the public sector, with the exception of police officers, involves potential

72

life and death decisions to be made as frequently as the job of City firefighter. It can be judicially noticed that management tolerance of drug abuse will destroy public confidence in the City's ability to provide competent and effective public safety personnel to its citizenry.

The Public Safety Department's Deputy Director testified that public safety personnel in this community are looked up to and must be drug free. Lundy was not a first time user but rather used cocaine even after an arrest and even after being placed on community control. Lundy's only defense was that he previously was an outstanding firefighter and was then doing well in rehabilitation.

Applying for aforedescribed standards of review, this Court cannot find Lundy's defense sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion that the decision to dismiss Lundy, (a public safety firefighter, guilty of multiple cocaine use) was shocking to the conscience of reasonable men or fundamentally unfair. Lundy's defense reaches only the level of equity and discretion which falls below the level of manifest injustice. It neither shocks the conscience nor is fundamentally unfair for City employees to understand that it is within management's discretion to dismiss an employee for drug related infractions.

Further supporting the above analysis is the fact that the Civil Service Board, substituting its judgment for that of the Public Safety Department, itself imposed a harsh six (6) month suspension followed by probation. Common sense dictates that if a severe penalty like a six month suspension and probation are appropriate sanctions for Lundy's acts, then Public Safety's decision to dismiss is equally acceptable as a penalty and *not* manifestly unjust.

In conclusion, as there exists no competent substantial evidence to support the Order Modifying Disciplinary Action dated July 24, 1989, the decision of the Civil Service Board is hereby reversed. The City of Jacksonville's suspension and termination from employment of William D. Lundy, as described in its letter of July 6, 1989, is sustained effective immediately.

DONE AND ORDERED this 27th day of March, 1990.